[630 NYS2d 564]

In the Matter of JOSEPH MAYERHOFF (Admitted as JOSEPH M. MAYERHOFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 21, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Ellis, Funk, Eidman, Weitz & Benjamin, P. C.,* New York City *(Howard Benjamin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 13 allegations of professional misconduct. The Special Referee sustained all 13 charges. The petitioner now moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm or, to publicly censure the respondent in the event the Court deems any discipline appropriate.

Charges One to Three of the petition are predicated upon the following set of allegations concerning Seymour and Berty Kreisler. In or about July 1986, Seymour Kreisler retained the respondent to represent him in a dispute involving an automobile rental agreement. The respondent wrote a letter to Alamo Rent-A-Car, Inc., in Fort Lauderdale, Florida, on behalf of Mr. Kreisler.

. In or about July 1987, Seymour and Berty Kreisler retained the respondent to represent them at a closing of title for premises at 1037 E. 4th Street in Brooklyn. The respondent represented Mr. and Mrs. Kreisler at the closing on July 29, 1987.

In or about April 1988, Mr. and Mrs. Kreisler retained the respondent to represent them in a real estate transaction involving their purchase of shares in a cooperative apartment corporation at 800 Ocean Parkway Apartment Corporation in Brooklyn. In or about April 1988, Mr. and Mrs. Kreisler agreed to lend the respondent $10,000. The respondent failed to disclose to them that the purpose of the loan was to assist another client, David Metri, to obtain financing from yet another client, James Megna, in order to purchase Abbey Transportation, Inc., a bus company.

The respondent failed to disclose to Mr. and Mrs. Kreisler that his own financial, business, property, or personal interests as their debtor might conflict with his professional responsibility to exercise independent judgment on their behalf. The respondent failed to advise Mr. and Mrs. Kreisler to seek the advice of independent counsel before entering into a business relationship with him.

On or about April 15, 1988, the respondent drafted and executed a promissory note whereby he personally guaranteed to repay the $10,000 loan on or before July 15, 1988, with interest at the rate of 20%. Mr. and Mrs. Kreisler thereafter delivered $10,000 in cash to the respondent to complete the loan. The respondent failed to repay any portion of the loan to

Mr. and Mrs. Kreisler on the due date of July 15, 1988, or at any time thereafter.

Based on the foregoing facts, Charge One alleged that the respondent improperly entered into a business transaction with his clients, Mr. and Mrs. Kreisler, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleged that the respondent engaged in conduct which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charges Four through Six are predicated upon the following set of allegations. In or about April 1988, the respondent was retained by Alan Kreisler, Mr. and Mrs. Kreisler's son, to draft an agreement reflecting that he would contribute $15,000 toward his parents' purchase of shares of the aforementioned cooperative. On or about April 26, 1988, the respondent drafted such an agreement which was executed by Alan, Seymour, and Berty Kreisler.

In or about April 1988, Alan Kreisler agreed to lend the respondent $15,000. The respondent failed to disclose to him that the purpose of the loan was to assist David Metri to obtain financing from James Megna, to purchase Abbey Transportation, Inc. The respondent failed to disclose to Alan Kreisler that his own financial, business, property, or personal interests as Mr. Kreisler's debtor might possibly conflict with the respondent's professional responsibility to exercise independent judgment on Mr. Kreisler's behalf. The respondent failed to disclose to Alan Kreisler that the respondent's continued representation of Mr. Metri and Mr. Megna in this business transaction might possibly conflict with the respondent's professional responsibility to exercise independent judgment on Mr. Kreisler's behalf. The respondent failed to advise Alan Kreisler to seek the advice of independent counsel before entering into a business relationship with the respondent.

On or about June 3, 1988, Alan Kreisler transferred $15,000 from his checking account to the respondent's checking account to complete the loan. On or about July 17, 1988, the respondent drafted and executed a promissory note whereby

he personally guaranteed to repay the $15,000 loan on or before August 1, 1988, with interest at the rate of 20%. The respondent failed to repay any portion of the loan to Alan Kreisler on the August 1, 1988 due date or at any time thereafter.

Based on the foregoing facts, Charge Four alleged that the respondent improperly entered into a business transaction with a client, Alan Kreisler, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Six alleged that the respondent engaged in conduct which adversely reflects upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charges Seven through Nine are predicated upon the following set of allegations concerning David Metri. The respondent served as David Metri's attorney in several matters in or about 1987 and 1988. In or about March 1988, Mr. Metri informed the respondent that he was attempting to obtain financing to purchase the bus company which employed him. The respondent agreed to represent Mr. Metri in obtaining the financing and negotiating the contract of sale. Mr. Metri offered the respondent an interest in the bus company and a position as general counsel upon completion of the purchase.

The respondent failed to disclose to Mr. Metri that his own financial, business, property, or personal interests in this business transaction might conflict with respondent's professional responsibility to exercise independent judgment on Mr. Metri's behalf. The respondent failed to advise Mr. Metri to seek the advice of independent counsel before entering into a business relationship with him.

On or about April 19, 1988, the respondent delivered $10,000 in cash, which he had borrowed from Seymour and Berty Kreisler, to James Megna, who had agreed to provide financing for Mr. Metri's purchase of the bus company. On or about June 4, 1988, the respondent delivered $15,000 in cash, which he had borrowed from Alan Kreisler, to an agent of Mr. Megna.

The respondent failed to disclose to Mr. Metri that his continued representation of the Kreislers and Mr. Megna in

this business transaction might conflict with his professional responsibility to exercise independent judgment on Mr. Metri's behalf.

Based on the foregoing facts, Charge Seven alleged that the respondent improperly entered into a business transaction with a client, David Metri, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

Charge Eight alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Nine alleged that the respondent engaged in conduct which adversely reflects upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charges Ten through Twelve are predicated upon the following set of allegations concerning James Megna. In or about June 1986, the respondent was retained by James Megna to attempt to vacate a default judgment which had been rendered against him in the Supreme Court, Nassau County. The respondent represented Mr. Megna in that matter from June 1986 until approximately September 30, 1988, when the respondent sought the court's permission to withdraw as Mr. Megna's counsel.

In or about April 1988, respondent advised Mr. Megna that David Metri was attempting to obtain financing to purchase a bus company, Abbey Transportation, Inc. The respondent asked Mr. Megna if he would provide the financing. Mr. Megna agreed to provide the financing as long as the respondent forwarded $50,000 to Mr. Megna as a good-faith deposit.

The respondent failed to advise Mr. Megna to seek the advice of independent counsel before entering into a business relationship with him.

On or about April 19, 1988, the respondent delivered $10,000 in cash to Mr. Megna, representing the proceeds of the loan from Seymour and Berty Kreisler. This payment represented a portion of the good-faith deposit required by Mr. Megna to complete the financing for Mr. Metri's purchase of the bus company.

The respondent delivered $15,000 in cash to Mr. Megna's agent on or about June 4, 1988, representing the proceeds of the loan from Alan Kreisler. This payment represented a second portion of the good-faith deposit. The respondent failed

to disclose to Mr. Megna that his own financial, business, property, or personal interests in this business transaction might possibly conflict with his professional responsibility to exercise independent judgment on Mr. Megna's behalf. The respondent also failed to disclose to Mr. Megna that the respondent's continued representation of the Kreislers and Mr. Metri in this business transaction might possibly conflict with his professional responsibility to exercise independent judgment on Mr. Megna's behalf.

Based on the foregoing facts, Charge Ten alleged that the respondent improperly entered into a business transaction with a client, James Megna, in violation of Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]).

Charge Eleven alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Twelve alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charge Thirteen, which is based upon the conduct underlying all of the prior charges, alleges that the respondent improperly continued multiple representation of clients with differing interests in violation of Code of Professional Responsibility DR 5-105 (B) (22 NYCRR 1200.24 [b]).

Upon review of the evidence adduced, we find that the Special Referee properly sustained all 13 charges. The petitioner's motion to confirm the Special Referee's report is granted and the cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the character letters submitted by the respondent, the respondent's relative youth and inexperience, and the confused nature of the transaction involved.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the cross motion is denied; and it is further,

Ordered that the respondent, Joseph Mayerhoff, is sus-

pended from the practice of law for a period of one year, commencing September 21, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Joseph Mayerhoff, is commanded to promptly desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.